IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOWARD DIXON                                                                                              PLAINTIFF

VS.                                                                     CIVIL ACTION NO. 3:14cv66-CWR-FKB

MTC, ET AL.                                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies, as filed by certain Defendants [30], and joined by Defendants Duff, Dunn, and Little [32] . The Plaintiff has not filed a response opposing the Motion to Dismiss. The Court held an Omnibus Hearing in this matter, at which time the Court heard arguments regarding the Motion for Summary Judgment. In sum, Plaintiff argues that he filed grievances with the Administrative Remedies Program ["ARP"], and that he completed the ARP with regard to the claims presented in this lawsuit. Dixon is proceeding in this matter *in forma pauperis* and *pro se*.

Dixon alleges that the defendants have violated his constitutional rights during his confinement at East Mississippi Correctional Facility ("EMCF"). In his complaint, Dixon alleges a myriad of claims regarding the conditions of confinement at EMCF, as well as claims for denial of medical attention. [1] at 5-19. The defendants are employees of Management & Training Corporation, the private company that manages EMCF for the Mississippi Department of Corrections, and Management & Training Corporation itself. Other defendants are employees of Health Assurance, LLC, the private company that provides medical services at EMCF. Defendants Buscher, Smith, Thomas, Dykes, Pulliam, Hollie, and Jones ("MTC Defendants") are employed by Management & Training Corporation. Defendants Little, Dunn, and Duff

("Health Assurance Defendants") are employed by Health Assurance, LLC in the medical department of EMCF.  Two defendants, Unknown Penry and Unknown Collins, are no longer employed at EMCF and remain unserved. [12], [13].  Plaintiff signed his complaint on December 14, 2013, and it was received in this Court on January 27, 2014. [1] at 1, 4.

Pending before the Court is the MTC Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [30]. The Health Assurance Defendants have filed a Joinder in the Motion for Summary Judgment [32].  Defendants assert that Dixon has failed to exhaust his administrative remedies regarding these claims prior to filing this action, and they present an affidavit from the Administrative Remedy Program ("ARP") Coordinator at EMCF in support of the Motion. [30-1]. In the affidavit, the ARP Coordinator states that Dixon submitted six ARP requests since he was moved to EMCF in October 2013.  [30-1] at 2. Of the six ARP requests, only two were submitted before December 14, 2013, the date of Plaintiff's complaint. *Id.* at 2-3.  Those two ARP requests, ARP No. EMCF-14-40 and ARP No. EMCF-14-275, were submitted on December 11, 2013.  *Id.* at 2.  Dixon completed the ARP process as to ARP No. EMCF-14-40 on January 22, 2014.  *Id.*  Dixon failed to complete the ARP process as to EMCF No. 14-275 when he did not appeal his first step response.  *Id.*  The remaining four ARP requests were submitted between January and April 2014.  *Id.*  In sum, the affidavit details the history of each ARP request submitted by Dixon and demonstrates that Dixon failed to complete the ARP process on all of his ARP requests before filing this action on December 14, 2013.  *Id.*

Dixon has failed to file a written response to this Motion, but the Court heard his testimony regarding the Motion during the omnibus hearing.  Dixon does not allege that he

-2-

suffered any physical injury or ailment which would have prevented him from completing the Administrative Remedy Program. He testified that he exhausted his administrative remedies and completed the ARP as to a "majority" of his claims. A "majority," however, is not good enough in this instance.

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district

courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

Dixon admits that he failed to exhaust his administrative remedies prior to bringing this suit, as is required by the PLRA. Dixon does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Moreover, his request for monetary damages does not excuse exhaustion. *Porter v. Nussle*, 122 S.Ct. 983, 988 (2002)("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages,

exhaustion is a prerequisite to suit."). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).

Although he testified at the omnibus hearing that he exhausted his administrative remedies on his claims and that he completed the ARP process as to a "majority" of his claims, these bare, unsubstantiated allegations simply are not enough to withstand a properly supported motion for summary judgment. *Id.*; *see also Ryan v. Phillips*, 558 Fed. Appx. 477, 478 (5th Cir. 2014)(Prisoner's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances."). The Court does not, "in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075.

Moreover, "Plaintiff's opinion that the ARP process was ineffective in his case is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP." *Walker*, 2013 WL 4833901 at *2. Dixon's case can be likened to *Walker* in

that he initiated the process, but did not carry it through to its conclusion before filing a § 1983 action. In other words, it appears that Dixon failed to give the ARP system sufficient time to address his grievances before he initiated the action. As noted above, his original complaint was signed and dated on December 14, 2013,[1] and he filed his grievances between December 11, 2013, and April 15, 2014.

Accordingly, for these reasons, the undersigned recommends that Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies be granted. Furthermore, the undersigned recommends that this action be dismissed based on Plaintiff's "failure to state a claim upon which relief may be granted, predicated on the failure to exhaust administrative remedies." *See Emmett v. Ebner*, 423 F. App'x 492 (5th Cir. 2011). This dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 5th day of November, 2014.

---

[1] Under the mailbox rule, *pro se* prisoner filings are deemed filed as soon as they are deposited into the prison mail system. *See Medley v. Thaler,* 660 F.3d 833, 835 (5th Cir. 2011) (citing *Houston v. Lack,* 487 U.S. 266 (1988)); *see, e.g., Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (holding § 2254 applications deemed filed on date inmate tenders petition to prison officials for mailing).

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE